Deverie J. Christensen
Nevada State Bar No. 6596
Katlyn M. Brady
Nevada State Bar No.  14173
**JACKSON LEWIS P.C.**
300 South Fourth Street, Suite 900
Las Vegas, Nevada 89101
Tel: (702) 921-2460
Email:  deverie.christensen@jacksonlewis.com
        katlyn.brady@jacksonlewis.com

*Attorneys for Defendant*
*Southwest Medical Associates, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARGUERITE BRATHWAITE, M.D., an individual,<br><br>                   Plaintiff,<br><br>          vs.<br><br>SOUTHWEST MEDICAL ASSOCIATES, INC., an active Nevada domestic Corporation; DOES 1-10 and ROE ENTITIES 1-10, inclusive,<br><br>                   Defendants. | Case No. 2:22-cv-00729-JCM-NJK<br><br>**STIPULATION TO EXTEND DISCOVERY DEADLINES**<br><br>**(FIRST REQUEST)** |

Plaintiff Marguerite Brathwaite, M.D., ("Plaintiff"), through her counsel F. Travis Buchanan, Esq. & Assoc., PLLC, and Defendant Southwest Medical Associates, Inc. ("Defendant"), through its counsel Jackson Lewis P.C., hereby stipulate and agree to extend the discovery remaining and related deadlines for sixty (60) days.

This Stipulation is submitted and based upon the following:

**A.  Discovery Completed to Date.**

To date, the Parties have exchanged initial and supplemental disclosures of documents and witnesses pursuant to FRCP 26(a)(1). Plaintiff has propounded written discovery including interrogatories, requests for production, and requests for admission. Defendant has served responses to Plaintiff's written discovery requests.

**B.  Discovery Which Still Needs to Occur.**

Defendant intends to propound written discovery on Plaintiff, including interrogatories,

requests for production, and requests for admissions. Defendant further intends to depose Plaintiff. Plaintiff intends to depose two percipient witnesses. The parties may also want to take additional depositions should this matter not resolve.

**C.   Proposed Schedule for Completing Remaining Discovery.**

**Discovery Cut-Off Date** – The March 20, 2023, discovery cut-off date shall be extended to May 19, 2023.

**Dispositive Motions** – The March 15, 2023, dispositive motions deadline shall be extended to June 21, 2023.[1]

**Pretrial Order** – If no dispositive motions are filed, the Joint Pretrial Order shall be filed thirty (30) days after the date set for the filing of the dispositive motions. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the decision on the dipositive motions or by further order of the Court.

**D.   Good Cause Supports this Request.**

When a stipulation requires the modification of the scheduling order, the parties must first satisfy the "good cause" standard established by Rule 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). The good cause inquiry is focused on the movant's reasons for seeking to modify the scheduling order and primarily considers the movant's diligence. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). The key determination is whether the subject deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care*

---

[1] 30 days after the May 19, 2023, deadline is Sunday June 18, 2023. Because the deadline falls on a Sunday, and the following Monday is the Juneteenth holiday, the deadline is advanced to June 21, 2023.

*LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "The diligence obligation is ongoing" such that parties must "diligently attempt to adhere to [the deadlines in the scheduling order] throughout the subsequent course of the litigation."

Here, good cause exists to extend the discovery schedule as requested herein. The parties have acted in good faith to comply with the discovery deadlines and resolve any discovery disputes. Following a productive meet and confer, Plaintiff agreed to withdraw her Initial Expert Disclosure. Further, the parties are engaged in settlement negotiations to resolve this matter. The parties remain optimistic that they will be able to resolve this matter in the next two weeks. Moreover, counsel for the Defense is unavailable to complete depositions in early March prior to the current discovery deadline due to an arbitration hearing the first week of March, and the second week of March is Spring Break (when defense counsel will be traveling out of state to Washington D.C. for a student American history trip). Accordingly, the parties have agreed to extend the discovery deadlines to complete depositions, and also to allow further settlement negotiations for two weeks before incurring additional expenses of completing costly deposition.

Dated this 22nd day of February, 2023.

F. TRAVIS BUCHANAN, ESQ., & ASSOC., PLLC

/s/ F. Travis Buchanan
F. Travis Buchanan, Bar No. 9371
701 East Bridger Ave., Suite 540
Las Vegas, Nevada 89101

*Attorneys for Plaintiff*
*Marguerite Brathwaite, M.D.*

JACKSON LEWIS P.C.

/s/ Deverie J. Christensen
Deverie J. Christensen, Bar No. 6596
Katlyn M. Brady, Bar No. 14173
300 S. Fourth Street, Ste. 900
Las Vegas, Nevada 89101
*Attorneys for Defendant*
*Southwest Medical Associates, Inc.*

## ORDER

IT IS SO ORDERED:

_____
United States ~~District Court~~ Magistrate Judge

Dated: February 23, 2023
_____

4873-1817-3266, v. 1