# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARGUERITE BRATHWAITE,<br><br>　　Plaintiff(s),<br><br>v.<br><br>SOUTHWEST MEDICAL ASSOCIATES, INC.,<br><br>　　Defendant(s). | Case No. 2:22-cv-00729-JCM-NJK<br><br>**ORDER**<br><br>[Docket Nos. 44, 48] |

Pending before the Court is Defendant's motion to enforce settlement. Docket No. 44; *see also* Docket No. 48 (sealed version). Plaintiff filed a response. Docket No. 53; *see also* Docket Nos. 52, 55 (sealed versions). Defendant filed a reply. Docket No. 56; *see also* Docket No. 60 (sealed version).

The motion practice addresses the contention that a binding settlement does not exist in light of 29 U.S.C. § 626(f)(2)(B). The briefing seems to view this provision as allowing for revocation of an already existing agreement. *See, e.g.*, Docket No. 48 at 11; Docket No. 55 at 8.[1] The language of that provision does not expressly allow for revocation, however, and indicates instead that a plaintiff must be "given a reasonable period of time within which to *consider* the settlement agreement." 29 U.S.C. § 626(f)(2)(B) (emphasis added).[2] Although the case law is relatively sparse, several courts have judged this requirement based on the period of time in which the settlement discussions took place when the plaintiff was considering the terms. *See, e.g.*,

---

[1] Even when both parties fail to do so, the Court has a duty to correctly identify and apply the law. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

[2] The statutory scheme provides elsewhere for revocation, 29 U.S.C. §636(f)(1)(G), but that requirement is omitted from the provisions applicable here, 29 U.S.C. §636(f)(2). That a revocation allowance was excluded from the applicable provisions would suggest that there is no right to revoke here. *Cf. Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 176-77 (1994).

1

*Powell v. Omnicom*, 497 F.3d 124, 132 (2d Cir. 2007) (holding in light of the circumstances of that case that, "while only a few hours elapsed between the beginning of settlement negotiations and Powell's assent to those terms in-court, this period of time was reasonable under the circumstances"); *Eswarappa v. Shed Inc./Kid's Club*, 685 F. Supp. 2d 229, 238 (D. Mass. 2010) (holding in light of the circumstances of that case that a reasonable period of time existed to consider the settlement agreement given that the "mediation session lasted hours until late afternoon, basically an entire business day").  In short, although the parties frame this issue as whether a reasonable time was permitted to revoke an existing agreement, it appears that the governing statutory provision might instead address whether sufficient time existed to consider the settlement prior to agreeing to accept it.

The parties are **ORDERED** to file concurrent supplemental briefs on this issue by September 14, 2023.  The supplemental briefs must not exceed eight pages in length.

IT IS SO ORDERED.

Dated: August 30, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

2