UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARGUERITE BRATHWAITE, M.D.,<br>    Plaintiff(s),<br>v.<br>SOUTHWEST MEDICAL ASSOCIATES, INC.,<br>    Defendant(s). | Case No. 2:22-cv-00729-JCM-NJK<br><br>**Order**<br><br>[Docket No. 81] |

Pending before the Court is a request to redact the transcript of the evidentiary hearing on the motion to enforce settlement. Docket No. 81.

Courts consider the confidential nature of settlement discussions and agreements in addressing later motions to seal settlement information. *See, e.g.*, *Mayorga v. Ronaldo*, No. 2:19-cv-00168-JAD-CWH, 2019 WL 3459230, at *3 (D. Nev. July 31, 2019). Nonetheless, such settlement information is not entitled to sealing in later proceedings simply because the parties bargained for confidentiality; the calculus changes once the parties reenter the courthouse for adjudication of their dispute. *See Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1041 (D. Nev. 2021); *see also Avocados Plus Inc. v. Freska Produce Int'l LLC*, 2019 WL 12345580, at *2 (C.D. Cal. Oct. 8, 2019) ("once [parties] turn to the federal court to resolve their disputes [regarding settlement agreements]. . . the public administration of justice demands transparency").[1] Given the competing interests at play in such a scenario, several courts (including this one) addressing a proceeding to enforce a settlement agreement have allowed the sealing of confidential

---

[1] This sentiment is echoed in the local rules, which provide generally for confidentiality of settlement discussions and the alternative dispute resolution process, but also make clear that settlement information may be disclosed to the public in subsequent proceedings arising out of a motion to enforce settlement. Local Rule 16-5 ("In the event of a dispute to enforce a settlement agreement, the court may order the disclosure of confidential information").

information not pertinent to the issue before the Court, while generally requiring transparency of the settlement terms that are directly implicated in the judicial decision-making. *E.g.*, *Harper*, 552 F. Supp. 3d at 1042; *accord A&A Global Imps., Inc. v. CBJ Distrib. LLC*, 2022 U.S. Dist. Lexis 192309, at *4 (D. Nev. Oct. 21, 2022) (Albregts, J.).

The pending motion fails to meaningfully grapple with the governing standard. The motion seeks secrecy for more than <u>100 references</u> during the hearing to the monetary settlement offers and terms, Docket No. 81 at 3, but states in conclusory fashion that such information "is not pertinent to analyzing Defendant's motion to enforce," *id.* at 2.[2] It is unclear how the settlement amount, for example, could be "not pertinent" to the motion to enforce, when the crux of the dispute is whether the parties came to an agreement on the settlement amount. Indeed, the ubiquitous references to the settlement amount at the hearing would in of itself suggest that it is a central issue in dispute.

Accordingly, no later than December 20, 2023, Defendant must either (1) withdraw its motion to redact the transcript of the evidentiary hearing or (2) provide meaningfully developed argument as to how <u>each</u> redaction sought is appropriate given the standards identified above.

IT IS SO ORDERED.

Dated: December 13, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] At the hearing on the related motions to seal, Defendant leaned heavily on the unopposed nature of those requests. Docket No. 90 at 93. The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting <u>the public's interest</u> in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022).