**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MARGUERITE BRATHWAITE, M.D.,

Plaintiff(s),

v.

SOUTHWEST MEDICAL ASSOCIATES, INC.,

Defendant(s).

Case No. 2:22-cv-00729-JCM-NJK

**Order**

[Docket Nos. 46, 47, 54, 58, 59, 81, 83, 87]

Pending before the Court are five motions to seal filed in conjunction with the motion to enforce settlement. Docket Nos. 46, 47, 54, 58, 59. The Court held a hearing on these motions to seal on October 26, 2023.[1] Also pending before the Court is Defendant's motion to redact the transcript of the evidentiary hearing and an amended motion to redact the transcript. Docket Nos. 81, 83. Also pending before the Court is Defendant's motion to redact its proposed findings of fact and conclusions of law. Docket No. 87. For the reasons discussed more fully below, the motions to seal are **GRANTED** in part and **DENIED** in part.

The Court has elsewhere addressed at length the standards governing a motion to seal in relation to a motion to enforce settlement, which the Court applies herein. *See Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033 (D. Nev. 2021). In short, the Court will allow secrecy for confidential settlement information not pertinent to the motion to enforce, while requiring transparency of the settlement information implicated in the motion to enforce. *See id.* at 1042.

[1]At the hearing, counsel relied on the fact that the motions are unopposed. The fact that a sealing request is unopposed does not guarantee relief because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022) (citing *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006)).

Moreover, the request must be "narrowly tailored," such that redaction is generally allowed rather than wholesale sealing. *Id.* at 1040-41.

The Court finds that compelling reasons exist for only some of the information for which secrecy is sought in this case. First, the motions speculate that some of the materials are "*potentially* attorney-client privileged communications." *See, e.g.*, Docket No. 54 at 4 (emphasis added). Hypothesizing about a potential privilege claim does not create a basis to justify sealing; the party claiming privilege must meet her burden of establishing its elements. *See, e.g.*, *PlayUp, Inc. v. Mintas*, 2023 WL 4637156, at *3-4 (D. Nev. July 19, 2023) (denying motion to seal and for *in camera* treatment based on assertion of attorney-client privilege). There has been no direct assertion in this case that any information is indeed privileged nor has the Court been provided a basis to support a finding that any of the information at issue is actually privileged. *See* Docket No. 54 at 4. Moreover and significantly, the information at issue has been *shared with opposing counsel*. *See, e.g.*, Docket No. 46 at 4 (Defendant's contention that its own motion papers "contain[] emails from opposing counsel which contain, or otherwise reference, confidential and potentially attorney-client privileged communications").[2] No explanation has been provided how communications with opposing counsel meet the required elements of attorney-client privilege.[3]

Second, the motions indicate that the subject information involves confidential settlement negotiations, which are not pertinent to the parties' dispute as to the existence of a settlement agreement and should be kept confidential given the policy interests to encourage settlement. *See, e.g.*, Docket No. 46 at 3. Courts recognize the benefits of keeping settlement discussions confidential when feasible, but this argument at times sweeps too broadly. The crux of the parties'

[2] The papers at times also suggest that certain facts implicate privilege, such as the date on which "Plaintiff learned of the settlement agreement." Docket No. 58 at 5. Attorney-client privilege extends only to communications and not to facts. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

[3] In cases involving a federal question, assertions of privilege are judged by federal law. *Agster v. Maricopa Cnty.*, 422 F.3d 836, 839-40 (9th Cir. 2005). Essential elements of attorney-client privilege include that the communication is made in confidence by the client and has been protected from disclosure by herself or her attorney. *See in re: Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992). No meaningful argument has been advanced as to how those elements are met for communications between opposing counsel.

dispute has evolved over time, but it turns most significantly at this stage on whether an agreement was reached through Plaintiff's counsel's email exchanges. The settlement communications are pertinent to that analysis, as a general matter. As Defendant argues, however, the precise settlement monetary amount and most of the other settlement terms are not in dispute. *See, e.g.*, Docket No. 83 at 4.[4] Hence, settlement communications in general do not warrant secrecy here, but redaction is appropriate as to the specific settlement amount and other settlement terms that are not in dispute.

For the reasons discussed above, the motions to seal and to redact are **GRANTED** in part and **DENIED** in part. The Clerk's Office is **INSTRUCTED** to continue maintaining the subject documents under seal. The parties must file a notice on the public docket with each of the subject documents. The subject documents may include redaction if any are warranted as stated herein, or must be filed on the public docket in their entirety without redaction if none are warranted as stated herein. This notice must be filed by February 6, 2024.

IT IS SO ORDERED.

Dated: January 24, 2024

Nancy J. Koppe
United States Magistrate Judge

[4] Redaction is not sought for three nonmonetary terms of settlement. *See* Docket No. 87 at 4. Particularly given that there is no dispute that these are standard settlement terms, Jt. Ex. 10; Docket No. 80 at 22, the Court agrees that redaction is not warranted, *cf. Harper*, 552 F. Supp. 3d at 1042 (noting lack of need for secrecy as to settlement terms that are included as "standard practice for settlement agreements for employment cases in this District").